# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEYONTE OATES, | ) | CASE NO. 1:15CR246 |
| | ) | 1:18CV2555 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER AND JUDGMENT ENTRY |
| Respondent. | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 33. The petition is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Initially, the Court notes that Oates' petition is time-barred. His petition was filed more than one year after his conviction became final, and Oates has offered no argument as to why the petition should be deemed timely. However, overlooking that defect, the Court also finds no merit in the petition.

1

In his sole ground for relief, Oates asks this Court to determine whether his Hobbs Act Robbery conviction is a crime of violence in light of the Sixth Circuit's decision in *United States v. Camp*, 904 F.3d 594 (6th Cir. 2018). In *Camp*, the Circuit held: "Under *Gooch*, [the defendant's] Hobbs Act robbery conviction qualifies as a crime of violence under § 924(c), and his argument to the contrary is foreclosed." *Id.* at 597.

Oates' petition, it appears, was filed based upon the remaining discussion in *Camp*. Within that discussion, the Sixth Circuit opined on whether a Hobbs Act Robbery conviction was a crime of violence under the sentencing guidelines. Such an issue was not present in Oates' sentencing and therefore has no bearing on this petition.

For the foregoing reasons, Petitioner Keyonte Oates' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: March 21, 2019  /**s/** ***John R. Adams***
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**