UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-cr-00246 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| KEYONTE OATES, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Doc. 38) |

This matter is before the Court on the *Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 38) (the "Motion") filed by Defendant Keyonte Oates ("Oates"). The United States of America did not respond.

For the reasons stated below, the Motion is DENIED.

**I.  BACKGROUND**

A federal grand jury charged Oates with interference with commerce by threats or violence and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2 (Count One) and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Two). Doc. 10. Pursuant to a plea agreement, Oates pled guilty as to both counts. Doc. 21.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 23.  The PSI indicated Oates had a total offense level of 17 (after reductions for acceptance of responsibility) and a criminal history category of III, therefore his advisory guideline range was 30–37 months as to Count One, and Count Two carried a mandatory minimum of 84 months. Doc. 23 at p. 11, ¶¶ 55–57.  The Court

1

ultimately sentenced Oates to a term of 30 months' imprisonment as to Count One and 84 months as to Count Two, consecutive. Doc. 29.

After Oates' sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Oates' criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 27–33 months as to Count One. Oates now seeks retroactive application of Amendment 821 to reduce his Count One sentence to 27 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Oates asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range as to Count One is lowered to 27–33 months as opposed to the 30–37 months used at the time of sentencing. Doc. 38 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Oates' total criminal history points were five (5). Doc. 23 at p. 8, ¶ 37. Three (3) of those points were the result of a previous criminal conviction pursuant to U.S.S.G. § 4A1.1(a). Doc. 23 at p. 8, ¶ 35. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Oates was on post-release control for state charges. Doc. 23 at p. 8, ¶ 36. Oates now argues that the new

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

§ 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on post-release control, therefore his total criminal history points would be three (3) under the new calculation. Doc. 38 at p. 3. The Court finds that Amendment 821 affects Oates' criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Oates' case. *See Jones*, 980 F.3d at 1107. This is due to the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). During the underlying offenses, Oates assisted in the robbery of a Family Dollar store by chasing a store employee while his co-conspirator threatened another employee with a gun. Doc. 23 at p. 5, ¶¶ 9–13. This type of behavior can incite fear in victims and witnesses long into the future. At the time of sentencing, the Court considered these factors and determined that a 30-month sentence as to Count One promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 29; *See also* 18 U.S.C. § 3553(a)(2). Further, while incarcerated, Oates has shown a general disregard for the rules and guidelines. Disciplinary records reveal he possessed amphetamines while in prison. Docs. 40, 42. As such, the Court finds a reduction to Oates' 30-month sentence for Count One is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

### III. CONCLUSION

For the reasons stated above, the *Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 38) is DENIED.

Date: June 18, 2024          /s/ John R. Adams
                             JOHN R. ADAMS
                             UNITED STATES DISTRICT JUDGE